**HAHN LOESER & PARKS LLP**
Steven A. Goldfarb, SBN 317540
sagoldfarb@hahnlaw.com
Michael J. Gleason, SBN 279434
mgleason@hahnlaw.com
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone:  (619) 810-4300
Facsimile:  (619) 810-4301

*Attorneys for Defendant LoanCare, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION – LOS ANGELES**

| | |
|---|---|
| ANDREA S. SANDERS, an individual,<br><br><br><br>*Plaintiff,*<br><br>v.<br><br>LOANCARE, LLC, a Virginia limited liability company; CIT BANK, N.A., a Delaware corporation; and DOES 1-50, inclusive,<br><br>*Defendants.* | Case No.2:18-cv-09376 SJO(RAOx)<br><br>The Honorable Judge S. James Otero<br><br>Superior Court of California, County of Los Angeles<br>Case No. BC723967<br><br>**AMENDED DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>(Diversity Jurisdiction – Class Action Fairness Act) |

In accordance with Paragraph 18 of the Standing Order for Civil Cases Assigned to Judge S. James Otero (Dkt. 10),[1] Defendant LoanCare, LLC, ("LoanCare") respectfully files this Amended Defendant's Notice of Removal to Federal Court together with the Declaration Of Carline Warren In Support Of Amended Defendant's Notice Of Removal To Federal Court ("Warren Declaration").

---

[1] This amendment is made timely within fifteen days from the date the action was assigned to Judge Otero, which was November 5, 2018.

1

## INTRODUCTION

On November 2, 2018, LoanCare filed its Defendant's Notice of Removal (Dkt  1, 1-1, 1-2) which removed this action from the Superior Court of California for the County of Los Angeles, to this Court, the United States District Court of the Central District of California in the Western Division – Los Angeles. Removal is based on 28 U.S.C. §§ 1332(d) (the Class Action and Fairness Act), 1441(b), 1446, and 1453.

## STATEMENT OF JURISDICTION

**Removal is Timely; All Required Process/Pleadings Have Been Filed In This Court; Notice Has Been Given**

1.     On or about October 3, 2018, Plaintiff Andrea S. Sanders ("Plaintiff") commenced an action in the Superior Court of California, County of Los Angeles styled *Andrea S. Sanders, an individual v. LoanCare, LLC, a Virginia limited liability company; CIT Bank, N.A., a Delaware corporation; and Does 1-50, inclusive,* Case No: BC723967 by filing a Complaint.[2]  (Warren Declaration at ¶ 3.)

2.     Generally, Plaintiff Andrea S. Sanders alleges that she represents three classes of California residents who she alleges were improperly charged "Special Request Fees," in violation of California law. (Complaint at ¶ 29.) As alleged, these are really one class and two subclasses. (*See id.*) Plaintiff alleges claims for (1) violation of the Rosenthal Fair Debt Collection Practices Act; (2) violation of Unfair Competition Law; and (3) Breach of Contract. (Complaint at First, Second, and Third Causes of Action).

3.     The Complaint and Summons were served on LoanCare on October 4, 2018.  (Warren Declaration at ¶ 4.)  The Defendant's Notice of Removal was timely filed within the period required under 28 U.S.C. ¶ 1446.

4.     Pursuant to 28 U.S.C. §1441(a), a copy of all process and pleadings served upon Defendant LoanCare was attached to Defendant's Notice of Removal to

---

[2] LoanCare reserves all defenses and objections to Plaintiff's Complaint.

Federal Court. The Complaint and Summons were attached as Exhibits A and B to Defendant's Notice of Removal to Federal Court (Dkt. 1) and appear on this Court's docket as Dkt. 1-1 and Dkt. 1-2. Further, pursuant to 28 U.S.C. §1446(d), a copy of Defendant's Notice of Removal was served upon Plaintiff's counsel and a copy was filed with the Clerk of the Superior Court of the State of California, Los Angeles County.

**CAFA Removal Does Not Require Consent**

5.     Because removal is pursuant to 28 U.S.C. ¶ 1332(d), the consent of the other defendant in this case is not required. *See United Steel v. Shell Oil Co.,* 549 F.3d 1204, 1208 (9th Cir. 2008) (citing 28 U.S.C. §1453(b) [class "action may be removed by any defendant without the consent of all defendants"]).

**Venue is Proper in This Court**

6.     The Superior Court of California for the County of Los Angeles is located within the Central District of California in the Western Division – Los Angeles. 28 U.S.C. § 84(c)(2). Therefore, venue for the removal is proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

**The CAFA Requirements For Removal Are Satisfied**

7.     This matter is removable because this honorable Court has original jurisdiction over this action and removal is appropriate pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) ("CAFA").

8.     Pursuant to 28 U.S.C. § 1332(d), district courts have original jurisdiction over class actions where the class has a minimum of 100 members, the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief," and "the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, and is a class action in which (A) any member of a class of plaintiffs is a

citizen of a State different from any defendant." CAFA also permits a class's damages to be aggregated to determine whether the amount in controversy is sufficient. 28 U.S.C. § 1332(d)(6). Class actions that meet those requirements are removable under 28 U.S.C. ¶ 1453(b).

9.      This matter is removable under CAFA because (a) the putative classes contain more than 100 class members, (b) neither defendant nor the primary defendant, LoanCare, are "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief," (c) the amount in controversy exceeds the value of $5,000,000, exclusive of costs and interest, and (d) any member of a class of plaintiffs is a citizen of a State different from any defendant.

**The Size of the Putative Class Exceeds CAFA's 100-Member Minimum**

10.     First, the putative classes have a minimum of 100 members. Plaintiff alleges that the fees at issue "are applied to all of the thousands of California residential mortgages LoanCare services." (Complaint at ¶ 25.) Plaintiff seeks to represent all California residents who from October 3, 2014 forward—*i.e.,* a period of four years—were charged the challenged fees without authorization. (Complaint ¶¶ 29-30). Plaintiff alleges there are "numerous victims" and that "[t]he Classes' members are so numerous that joinder of each individual class member would be impracticable and unfeasible." (Complaint ¶¶ 6, 32.) Given Plaintiffs' allegations of thousands of impacted mortgages over a period of four years throughout the State of California, the putative classes meet the requirement of having a minimum of 100 members. Additionally, LoanCare's business records reflect that for the four-year period prior to the filing of the Complaint, LoanCare collected Special Request Fees in connection with residential mortgage loans for properties in California from more than 100 persons. (Warren Declaration at ¶10.)

**No State, State Official, Nor Other Governmental Entity is a Primary Defendant**

11.     Second, neither defendant is a State, State official or other governmental entity against whom the district court may be foreclosed from ordering relief. *See* 28 U.S.C. § 1332(d)(5); Warren Declaration  at ¶ 8. Plaintiff does not make any allegation to the contrary.

**The Amount in Controversy Satisfies or Exceeds CAFA's $5 Million Requirement**

12.     Third, while LoanCare denies the allegations contained in the Complaint and denies that Plaintiff or any putative class member is entitled to any monetary relief, the amount in controversy satisfies the jurisdictional threshold because Plaintiff seeks—and a fact-finder legally might award—aggregate damages in excess of the $5 million amount-in-controversy requirement, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(6).

13.     For its first cause of action, Plaintiff alleges that LoanCare is a debt collector who "willfully and knowingly with the purpose of coercing Plaintiff" within the meaning of Cal. Civ. Code § 1788.30(b). (Complaint ¶49.) Plaintiff alleges that she was charged Special Request Fees of $10.00 each in June, July, and August 2018. (Complaint ¶7.) Plaintiff seeks $30 in actual damages plus a statutory penalty of $100 to $1,000, for a total individual recovery of potentially $130 to $1,030. (Complaint ¶¶7, 49-50). Plaintiff also alleges that the LoanCare Class and LoanCare Elder Abuse Class may recover the lesser of $500,000 or 1% of LoanCare's  net worth under the FDCPA's "penalty provisions."  (Complaint ¶50.)  Further, Plaintiff alleges that LoanCare is statutorily liable for attorneys' fees. (Complaint ¶51.)  Plaintiff also alleges that any damages awarded to the "LoanCare Elder Abuse Class" should be statutorily trebled. (Complaint ¶52.)

14.     For its second cause of action, Plaintiff also seeks class-wide recovery for the LoanCare Class and the LoanCare Elder Abuse Class under California's Unfair Competition Law, Cal. Bus & Prof. Code § 17200, *et. seq.* ("the UCL").

(Complaint ¶56.)  Under the UCL, Plaintiff seeks class-wide restitution, an injunction against LoanCare's "Special Request Fees," and attorneys' fees and costs. (Complaint ¶60.)

15.    For its third cause of action, Plaintiff seeks class-wide recovery on behalf of the CIT Class for breach of contract based on any "Special Request Fees paid to LoanCare."  (Complaint ¶68.)

16.    Plaintiff alleges that the fees at issue "are applied to all of the thousands of California residential mortgages LoanCare services." (Complaint at ¶ 25.) The Complaint alleges that the "'Class Period' dates back four years . . . from the date this action was commenced and continues through the present and the date of judgment." (Complaint ¶30).

17.    LoanCare's records reflect that for the four-year period prior to the filing of the Complaint, October 3, 2014 through October 3, 2018, LoanCare collected in excess of $5 million in Special Request Fees in connection with residential mortgage loans for properties in California.  (Warren Declaration  at ¶ 10.)

18.    Plaintiff's claim for (a) a statutory penalty for Plaintiff ($100-$1000), (b) a statutory penalty for the putative classes (the lesser of $500,000 or 1% of LoanCare's net worth), and (c) trebling only adds to the amount in controversy.  The potential amount of the alleged statutory penalty and trebling need not be calculated given that the Special Request Fees at issue exceed over $5 million.

19.    Likewise, Plaintiff's statutory claim for attorneys' fees only adds to the amount in controversy. (*Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,794 (9th Cir. 2018) ["a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"]). For example, in a recent collective action, Plaintiff's counsel sought a fee award of $2,289,085.50. (*See Boconvi v. Velocity Express, LLC*, No. 17-CV-02623-JST) 2018 WL 2248988, at *2 (N.D. Cal., May 17, 2018). In a recent class action, the court awarded Plaintiff's counsel $7,353,093.47 for attorneys' fees and expenses (not

costs). (*Etter v. Thetford Corporation*, No. SACV1300081JLSRNB, 2017 WL 1433312, at *7 (C.D. Cal., Apr. 14, 2017). Plaintiff's counsel here will presumably seek similar a seven-figure fee award.  Even assuming, hypothetically, a 25% fee award, here, where Special Request Fees sought exceed $5 million, any fee award would only make the amount in controversy well exceed $5 million (*e.g.*, 25% of $5 million is $1.25 million).

20.     The foregoing figures do not include the value of Plaintiff's claim for a class-wide injunction, which also increases the amount in controversy. (*Tuong Hoang v. Supervalu Inc.*, 541 F. App'x 747, 748 (9th Cir. 2018) ["[t]he value of the request injunction against Defendants would not be 'recovered' by Plaintiffs yet the value of such an injunction is part of the amount that has been put in controversy by Plaintiffs' complaint"].)  Any valuation placed on the requested injunction would only make the amount in controversy well exceed $5 million.

21.     Accordingly, given that Plaintiff alleges a class of potentially thousands of members seeking to recover in excess of $5 million in Special Request Fees during the Class Period as well as alleged statutory penalties, trebling, attorneys' fees, and an injunction, Plaintiff seeks—and a fact-finder legally might award—aggregate damages in excess of the $5 million amount-in-controversy requirement.

**CAFA's Requirement of Minimal Diversity Is Satisfied**

22.     Fourth, the minimal diversity required by CAFA exists here because "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2).

a.     **CIT Bank.** Plaintiff alleges that Defendant CIT Bank, N.A. is a *citizen* of California. (Complaint ¶¶ 11; 15.)

b.     **LoanCare.** Plaintiff alleges that LoanCare is a "limited liability company incorporated in Virginia" and does not allege LoanCare's *citizenship*. (Complaint ¶ 10.)  As set forth herein, unlike CIT Bank, LoanCare is not a

7

citizen of California.[3]  (Warren Declaration  at ¶ 7.) LoanCare is a limited liability company, whose sole member is ServiceLink NLS, LLC. (*Id.* at ¶ 6.) ServiceLink NLS, LLC's sole member is ServiceLink Holdings, LLC.  (*Id.*) ServiceLink Holdings, LLC has a majority member, ServiceLink Holdings, Inc., a Delaware corporation with a principal place of business in Florida.  (*Id*) ServiceLink Holdings, LLC has minority members. (*Id.*) They are:

       1)    THL Equity Fund VI Investors (BKFS) III, L.P., a Delaware limited partnership with its principal place of business in Massachusetts, is owned (100%) by a Japanese bank with its principal place of business in Japan. The specific identity of the bank is subject to a confidentiality provision.

       2)    THL Equity Fund VI Investors (BKFS-LM), LLC, a limited liability company with its principal place of business in Massachusetts, is owned by six corporations. The specific identity of the members is subject to confidentiality obligations. However, two of those corporations are Wisconsin corporations, two are Massachusetts corporations, and two are New Hampshire corporations. Each of the six corporations has its principal place of business in Massachusetts.

       3)    THL Equity Fund VI Investors (BKFS-NB), LLC, a Delaware limited liability company with its principal place of business in Massachusetts is solely owned by a Wyoming limited partnership with its principal place of business in New York. The Wyoming limited partnership is owned (99%) by its limited partner, a Wyoming entity, and is owned (1%) by its general partner, a Wyoming limited liability company that is indirectly controlled by a Delaware corporation with its principal place of business in New York. The specific identity of the

---

[3] "[A]n LLC is a citizen of every state of which its owners/members are citizens." (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).)

members is subject to confidentiality obligations.

4)      THL Investors Black Knight II (A) Holding Corp., a Delaware corporation with its principal place of business in Massachusetts.

5)      THL Investors Black Knight II (B) Holding Corp., a Delaware corporation with its principal place of business in Massachusetts.

6)      THL Black Knight II (A) Holding Corp., a Delaware corporation with its principal place of business in Massachusetts.

7)      THL Black Knight II (B) Holding Corp., a Delaware corporation with its principal place of business in Massachusetts.

8)      THL Black Knight II (C) Holding Corp., a Delaware corporation with its principal place of business in Massachusetts.

9)      THL Black Knight II (D) Holding Corp., a Delaware corporation with its principal place of business in Massachusetts.

10)      THL Black Knight II (E) Holding Corp., a Delaware corporation with its principal place of business in Massachusetts.

(*Id.*)

c.      **Plaintiff and the Putative Classes.** Plaintiff fails to allege her *citizenship* or the *citizenship* of any putative class members. Instead, she alleges that she is a resident of California. (Complaint ¶9 ["Sanders is, and at all times mentioned herein was, an individual residing in the State of California"].) Likewise, Plaintiff alleges that the respective classes include "[a]ll California *residents*" who have certain characteristics wholly unrelated to citizenship. (Complaint ¶29(A), (B) [emphasis added].) Even if Plaintiff had pleaded her citizenship, she can only be a citizen of one state and LoanCare and CIT Bank, N.A., are citizens of different states from each other. Accordingly, Plaintiff cannot have the same citizenship of two distinctly

situated defendants and therefore CAFA's minimal-diversity requirement is
satisfied because a member of the alleged class of plaintiffs is necessarily a
citizen of a State different from at least one defendant.

**Plaintiffs Incorrectly Allege That There is No Federal Jurisdiction Under
CAFA**

23.     Plaintiff incorrectly alleges that there is no federal jurisdiction under
CAFA because (1) all Class members are residents of California, (2) CIT is a citizen
of California, (3) the principal injuries occurred in California, and (4) no other class
action has been filed in the past three years asserting the same or similar factual
allegations. (Complaint at ¶ 15.) Plaintiffs have not established any exception to
CAFA jurisdiction.

**The "Local Controversy" Exception, 28 U.S.C. §1332(d)(4)(A), Does Not
Apply**

24.     If Plaintiff made the allegations of the Complaint at ¶ 15 in an attempt to
meet the requirements of 28 U.S.C. §1332(d)(4)(A) which governs when a court shall
decline to exercise CAFA jurisdiction, Plaintiff fails to satisfy that statute. All
elements of the local controversy exception must be established for the exception to
apply. (*Chalian v. CVS Pharmacy, Inc.,* No. CV 16-08979 –AB (AGRx), 2017 WL
1377589, *3 (C.D. Cal. Apr. 11, 2017).) If Plaintiff fails to prove any single element,
the exception does not apply. (*Id*). Here, Plaintiff fails to establish at least three
elements.

25.     First, Plaintiff has not established that greater than two-thirds of the
members of all proposed plaintiff classes in the aggregate are *citizens* of California.
28 U.S.C. §1332(d)(4)(A)(i)(I). Plaintiffs allege that all putative class members are
"residents" of California. (Complaint at ¶ 15.). While she alleges CIT is a citizen of
California, Plaintiff does not allege of what states she or any of the class members are
"citizens." (*See id.*) Plaintiff specifically made her allegation in an attempt to defeat
federal jurisdiction so she had every reason to be precise in her pleading and she

expressly distinguished between Plaintiffs as "residents" of California and CIT as a "citizen" of California. Allegations of residence in California do not establish citizenship in California and it is citizenship that determines jurisdiction. (*Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 883 (9th Cir. 2013); *King v. Great American Chicken Corp.,* 903 F.3d 875, 879 (9th Cir. 2018) [even stipulations regarding last-known addresses did not satisfy plaintiff's burden of proof regarding class citizenship].) Citizenship cannot just be inferred from allegations of residence. (*See, e.g., id.* at [district court could not infer California citizenship for class defined as "persons that purchased and registered a car in California during the class period"].) Having alleged that Plaintiff and the putative class members are residents, the classes would include residents who are not California citizens, such as military, students, second-home owners, other temporary residents, or even non- U.S. citizens because having "a residential address in California does not mean that person is a citizen of California." (*See Mondragon,* 736 F.3d at 884.) And because "the proposed class reaches back … four years before the filing of the complaint… at least some purchasers who were California citizens at the time of [fee payment] subsequently moved to other states, such that they were not California citizens as of [removal date.]" (*Id.*) That one may be a resident of California with a residential mortgage but not be a California citizen is beyond dispute and a matter of judicial notice. For example, data from the United States Census Bureau for the 2000 census counts 239,062 housing units in California as "seasonal, recreational, or occasional use," also known as "vacation homes." *See* https://www.census.gov/hhes/www/housing/census/historic/vacation.html (last viewed Nov. 12, 2018).  And, the Legislative Analyst's Office, which provides fiscal and policy advice to the California Legislature, has reported on "Vacation Homes Becoming More Common in Many Parts of California." (*See* Warren Declaration at Ex. 1.)  As another example, in a July 18, 2017 article, the Los Angeles Times reported that "California made up 12% of foreign-purchased homes by dollar

volume….Foreign buyers in California purchased $35 billion worth of properties, up from $27 billion a year earlier." ( *Id.* at Ex. 2.)  And more than 3.4 million undocumented immigrants in the United States are homeowners, according to a Migration Policy Institute analysis of U.S. census data from the pooled 2012-16 American Community Survey  and the 2008 Survey of Income and Program Participation. (See https://www.migrationpolicy.org/data/unauthorized-immigrant-population/state/US (last viewed on November 12, 2018).) In California, there are "an estimated 2.3 million immigrants without legal authorization" according to a October 7, 2017 news report. (*See*  https://www.foxnews.com/us/ice-to-california-no-choice-but-to-arrest-illegal-immigrants-despite-sanctuary-state-legislation (last viewed November 12, 2018).) Thus, the alleged Class of "residents" includes persons who are not California citizens and Plaintiffs fail to establish that greater than two-thirds of the members of the proposed classes are citizens of California.  Having alleged that Plaintiff and the putative class members are "residents," Plaintiffs are not permitted to amend their complaint to change the class definitions to include only California "citizens" to defeat removal. (*Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277-78 (9th Cir. 2017).)

26.     Second, Plaintiff has not established that at least one defendant is a defendant "(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of" California. 28 U.S.C. §1332(d)(4)(A)(i)(II). The only defendant alleged to be a citizen of California is CIT Bank. (Complaint at ¶ 15.) However, Plaintiff's allegations establish that Plaintiff does not seek significant relief from CIT Bank and CIT Bank's alleged conduct does not form a significant basis for the claims asserted by the proposed plaintiff class. For example, LoanCare is named first in the caption as the primary defendant. The Complaint challenges  "LoanCare's [alleged] scheme… to nickel-and-dime borrowers with illegal transaction fees." (Complaint ¶ 2.) LoanCare is alleged to

work with various lenders, only one of whom is CIT Bank. (*Id.*) CIT Bank is not alleged to have any direct role in creating or implementing the alleged scheme. (*See* Complaint.) Two of the three causes of action relate *solely* to LoanCare and assert Plaintiff's main claims under the Rosenthal Act and the UCL. Only one claim is against CIT Bank—for alleged breach of contract—and that claim is derivatively based on LoanCare's conduct. Plaintiff alleges CIT Bank breached a contract with her "by, through its agent LoanCare, assessing a Special Request Fee" and "by hiring LoanCare" to service her loan. (Complaint ¶¶ 65, 66.) While Plaintiff alleges three classes, they are really (a) one class against LoanCare and (b) two subclasses, one against LoanCare and one against CIT Bank. (Complaint at ¶ 29.) Accordingly, because LoanCare is alleged to work with multiple lenders, the CIT Bank subclass is necessarily smaller than the primary class against LoanCare. Plaintiff's Prayer for Relief confirms that Plaintiff could obtain complete relief for her alleged harm through a suit against LoanCare alone, without ever having sued CIT Bank. (Complaint at Prayer for Relief.) Indeed, the breach of contract relief sought from CIT Bank pales in comparison to the relief sought from LoanCare under the UCL and the California and Federal debt collection statutes. (*Id.*) And, finally, it is worth noting that the word "LoanCare" is used 91 times in the Complaint and "CIT" only 42. Accordingly, the Complaint shows that CIT Bank is not a defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted.[4] (*Cf., e.g., Kearns v. Ford Motor Co.,* No. CV 05-5644 GAF(JTLX)) 2005 WL 3967998, at *11 (C.D. Cal., Nov. 21, 2005) [defendant Ford-dealer not considered "significant" under this prong where defendant Ford was the one alleged

---

[4] Although the Complaint does assert a claim against CIT Bank, it is apparent from Plaintiff's allegation that CAFA does not apply that Plaintiff added CIT Bank as a California-citizen-defendant in an attempt to preclude federal jurisdiction. A "non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes." (*Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1030 (C.D. Cal. 2016).)

to have promulgated and overseen an alleged fraud and defendant Ford-dealer was one of many dealers, including non-parties, who were role players].)

27.     Third, Plaintiff has not established that principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in California. 28 U.S.C. §1332(d)(4)(A)(i)(III). The Complaint recognizes that both CIT Bank—a national association—and LoanCare—alleged to be based in Virginia—operate in states other than California. (Complaint ¶¶ 10, 11.) And, indeed, it is a judicially noticeable fact that each operates nationally. (*See, e.g.,* https://www.bankoncit.com/ [offering online bank]; https://www.loancareservicing.com/ [describing LoanCare as "a top national subservicer"]). *See* also Warren Declaration. at ¶ 9.   Accordingly, there is nothing inherently localized about the challenged practices.  (*Id.*)  CAFA's legislative history provides that a case that challenges "conduct [which] could be alleged to have injured customers throughout the country or broadly through several states . . . would not qualify for [the local controversy] exception even if it were brought only as a single-state class action.... In other words, this provision looks at where the principal injuries were suffered by everyone who was affected by the alleged conduct-not just where the proposed class members were injured." (*Kearns*, 2005 WL 3967998 at *12*; see also Waller v. Hewlett-Packard Co*., 11cv0454-LAB (RBB), 2011 WL 8601207 at *4 (S.D. Cal. May 10, 2011) ["The local controversy exception applies to controversies that are truly local"; holding because the product was sold nationwide and the claims were in no way unique to California the dispute was not local]; *Villalpando v. Exel Direct Inc*., C-12-04137 JCS, 2012 WL 5464620 at *12 (N.D. Cal. Nov. 8, 2012) [dispute against nationwide employer did not satisfy local controversy exception; "There is nothing unique to California about the claims asserted in this action, even if the class is limited to Plaintiffs who provide delivery services in California and the claims in the action are based on California law."].) Accordingly, where the principal

injuries alleged are not limited to California, the Local Controversy Exception of 28 U.S.C. §1332(d)(4)(A) does not apply. (*Kearns*, 2005 WL 3967998, at \*12.)

**The "Home State Controversy" Exception, 28 U.S.C. §1332(d)(4)(B), Does Not Apply**

28.     If Plaintiff made the allegations of the Complaint at ¶ 15 in an attempt to meet the requirements of 28 U.S.C. §1332(d)(4)(B) which also governs when a court shall decline to exercise CAFA jurisdiction, Plaintiff fails to satisfy that statute. The home state controversy exception requires that Plaintiff establish that **both** two-thirds or more of the members of all proposed plaintiff classes and the primary defendants are citizens of California. (*See Kearns,* 2005 WL 3967998 at \*8 [finding that the home state controversy exception does not apply where plaintiff failed to establish either requirement].)

29.     As set forth above with respect to §1332(d)(4)(A), Plaintiff has not established the *citizenship* of putative class members and, thus, has not established that two-thirds or more of the members of all proposed plaintiff classes in the aggregate are *citizens* of California. (*See* Paragraphs 22.c. and 25, *supra.*) Additionally, Plaintiff does not establish, as she must, that all primary defendants are citizens of California. (*Corsino v. Perkins & Marie Callendar's, Inc.,* No. CV 09-09031 MMM (CWx), 2010 WL 317418, \*5 (C.D. Cal. Jan. 19, 2010)(collecting cases); *Marino v. Countrywide Fin. Corp.,* 26 F.Supp.3d 949, 954 (C.D. Cal. 2014)[finding remand not warranted under home state controversy exception where one primary defendant was not a California citizen].) To the contrary, the primary defendant, LoanCare, is not a citizen of California so the home state controversy exception cannot apply. (*See* Paragraph 22.b., *supra*; *see, e.g., Kearns*, 2005 WL 3967998, at \*8 ["Ford and [dealer] Claremont Ford are potentially directly liable to the plaintiff class. As such, since Ford is not a citizen of California, it cannot be said that all primary defendants are citizens of the state in which the action was filed. Therefore, the Court concludes that this exception does not apply."]; *see also Kendrick v. Xerox State and Local Sols., Inc.,* Case No. 18-cv-00213-RS, 2018 WL

1605104, *3 (N.D. Cal. Apr. 3, 2018) [if all three defendants were primary defendants then all three were required to be California citizens for application of the home-state controversy exception].)

**The Discretionary Provisions of 28 U.S.C. §1332(d)(3) Do Not Apply**

30.     If Plaintiff made the allegations of the Complaint at ¶ 15 in an attempt to meet the requirements of 28 U.S.C. §1332(d)(3)) which governs when a court *may* in its discretion decline to exercise CAFA jurisdiction, Plaintiffs allegations fail to address the multiple factors to be considered by the court. Additionally, the threshold requirements of this statute are plainly not satisfied because, as set forth above with respect to §1332(d)(4)(A) and (B), Plaintiff has not established that (1) one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate are *citizens* of California (*see* Paragraphs 22.c. and 25, *supra*) and (2) the primary defendant (*i.e.,* LoanCare), is a *citizen* of California—it is not (*see* Paragraph 22.b., *supra*).

WHEREFORE, LoanCare amends its notice that Case No. BC723967, which was pending in the Superior Court of Los Angeles County, California, was removed to this Court.

Date:  November 12, 2018              HAHN LOESER & PARKS LLP

                                     By:    */s/ Michael J. Gleason*
                                            Michael J. Gleason, SBN 279434
                                            mgleason@hahnlaw.com

                                            *Attorneys for Defendant LoanCare, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 12, 2018, a copy of the foregoing document was electronically filed using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

<u>/s/ *Michael J. Gleason*</u>
Michael J. Gleason