**HAHN LOESER & PARKS LLP**
Steven A. Goldfarb, SBN 317540
sagoldfarb@hahnlaw.com
Michael J. Gleason, SBN 279434
mgleason@hahnlaw.com
One America Plaza
600 West Broadway, Suite 1500
San Diego, California 92101
Telephone: (619) 810-4300
Facsimile: (619) 810-4301

Erica Calderas, admitted *pro hac vice*
elc@hahnlaw.com
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone: (216) 621-0150
Facsimile: (216) 241-2824

*Attorneys for Defendant LoanCare, LLC*

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ANDREA S. SANDERS, an individual,<br><br>　　　　　*Plaintiff,*<br><br>v.<br><br>LOANCARE, LLC, a Virginia limited liability company; CIT BANK, N.A., a Delaware corporation; and DOES 1-50, inclusive,<br><br>　　　　　*Defendants.* | Case No. 2:18-cv-09376-SJO(RAOx)<br><br>The Hon. Judge S. James Otero<br><br>**DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO THE COMPLAINT** |

Defendant LoanCare, LLC ("LoanCare"), hereby amends its answer to the complaint of Plaintiff Andrea S. Sanders ("Plaintiff") as follows:

## **NATURE OF ACTION**

1.      With respect to the allegations of paragraph 1 of the Complaint, LoanCare asserts that paragraph 1 makes no averments of fact to which a responsive pleading is required. To the extent a response may be deemed to be required, LoanCare admits that it is a subservicer of residential mortgages, LoanCare denies that it charges "illegal fees." and LoanCare denies the remaining allegations in paragraph 1.

2.      LoanCare denies the allegations in paragraph 2.

3.      With respect to the allegations of paragraph 3 of the Complaint, LoanCare admits that borrowers are able to make loan payments without paying Special Request Fees. LoanCare also admits that it offers certain special optional services in exchange for Special Request Fees. LoanCare admits those Special Request Fees are fully disclosed to borrowers. LoanCare denies the remaining allegations in paragraph 3.

4.      LoanCare denies the allegations in paragraph 4.

5.      LoanCare denies the allegations in paragraph 5.

6.      With respect to the allegations of paragraph 6 of the Complaint, LoanCare admits that it became the subservicer of Plaintiff's residential mortgage in March 2018. LoanCare denies for lack of information sufficient to form a belief as to their truth or falsity thereof the allegation the Plaintiff is elderly and that she dutifully made payments from 2009 until spring of 2018.  LoanCare denies any remaining allegations in paragraph 6 and specifically denies that Plaintiff is a "victim" of any conduct of LoanCare.

7.      LoanCare denies the allegations in paragraph 7.

8.      With respect to the allegations of paragraph 8 of the Complaint, LoanCare admits it sent a letter dated September 27, 2018 to Marshall Sanders.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 - Fax: (619) 810-4301

LoanCare directs Plaintiff to that September 27, 2018 letter for its contents and denies any allegations inconsistent therewith.  LoanCare denies any remaining allegations of paragraph 8.

## **PARTIES**

9.      LoanCare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     LoanCare admits that it is a limited liability company that is headquartered at 3637 Sentara Way, Virginia Beach, VA 23452. LoanCare denies the remaining allegations in paragraph 10.

11.     LoanCare lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Paragraph 12 contains no allegations directed toward LoanCare so no response is required. To the extent a response is required, LoanCare denies the allegations in paragraph 12.

13.     Paragraph 13 contains no allegations directed toward LoanCare so no response is required. To the extent a response is required, LoanCare denies the allegations in paragraph 13.

## **JURISDICTION AND VENUE**

14.     LoanCare denies the allegations in paragraph 14 as those allegations relate to the Superior Court of California for the County of Los Angeles.

15.     LoanCare denies the allegations in paragraph 15.

## **FACTUAL ALLEGATIONS**

16.     With respect to the allegations of paragraph 16 of the Complaint, LoanCare admits that Plaintiff is listed as a co-borrower on a loan currently serviced by Defendant CIT, refers to the promissory note and deed of trust for their terms, and deny any allegations inconsistent therewith.

17.     With respect to the allegations of paragraph 17 of the Complaint, LoanCare refers Plaintiff to the promissory note and deed of trust for their terms and

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO COMPLAINT

deny any allegations inconsistent therewith.

18.     LoanCare lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 and therefore denies the same.

19.     With respect to the allegations of paragraph 19 of the Complaint, LoanCare admits that CIT sent a Notice of Servicing Transfer to Plaintiff on or around February 8, 2018. LoanCare directs Plaintiff to the Notice of Servicing Transfer for its contents and denies any allegations inconsistent therewith.

20.     With respect to the allegations of paragraph 20 of the Complaint, LoanCare admits that it has acted as the loan subservicer for Plaintiff's residential mortgage. LoanCare denies the remaining allegations of paragraph 20.

21.     With respect to the allegations of paragraph 21 of the Complaint, LoanCare admits that it sent a February 21, 2018 Notice of Service Transfer to Plaintiff. LoanCare directs Plaintiff to the Notice of Service Transfer for its contents and denies any allegations inconsistent therewith. LoanCare denies the remaining allegations of paragraph 21.

22.     With respect to the allegations of paragraph 22 of the Complaint, LoanCare admits that someone made a mortgage payment on or about April 16, 2018 for Plaintiff's loan. LoanCare also admits that it received a letter dated April 22, 2018 from Marshall Sanders, refers to the letter for its terms, and denies any allegations inconsistent therewith. LoanCare lacks sufficient knowledge or information regarding Plaintiff's state of mind when making her mortgage payments. LoanCare denies any remaining allegations in paragraph 22.

23.     With respect to the allegations of paragraph 23 of the Complaint, LoanCare admits that on or about May 16, 2018, someone made a mortgage payment for Plaintiff's loan. LoanCare admits that it received correspondence dated May 10, 2018 from Marshall Sanders, refers to the May 10, 2018 letter for its contents, and denies any allegations inconsistent therewith. LoanCare admits that there were no Special Request Fees for March and April 2018. LoanCare denies any remaining

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

allegations in paragraph 23.

24.     With respect to the allegations of paragraph 24 of the Complaint, LoanCare admits that Plaintiff paid $10 for Special Request Fees in May, June, August, October, November and December of 2018. The November and December $10 Special Request Fees were refunded.  LoanCare lacks sufficient information and knowledge to as to the truth of the remaining allegations in paragraph 24.

25.     LoanCare denies the allegations in paragraph 25.

26.     LoanCare denies the allegations in paragraph 26.

27.     Paragraph 27 presents a legal conclusion which requires no response.  To the extent a response is required, LoanCare denies the allegations in paragraph 27.

28.     With respect to the allegations of paragraph 28 of the Complaint, LoanCare admits that it has corresponded with Marshall Sanders and refers to that correspondence for its contents. LoanCare denies any allegations in paragraph 28 inconsistent with the correspondence and denies that it has failed to follow the law.

## CLASS ALLEGATIONS

29.     With respect to the allegations of paragraph 29 of the Complaint, LoanCare admits that Plaintiff seeks to bring a class action. LoanCare denies that any class should be certified and denies that this case is appropriate for class treatment. To the extent any further response is required, LoanCare denies any remaining allegations in paragraph 29 and each of its subparagraphs.

30.     LoanCare denies the allegations in paragraph 30.

31.     Paragraph 31 contains no allegations which require a response. To the extent a response is required, LoanCare denies the allegations in paragraph 31.

32.     LoanCare denies the allegations in paragraph 32.

33.     LoanCare denies the allegations in paragraph 33.

34.     LoanCare denies the allegations in paragraph 34 and each of its subparagraphs.

35.     LoanCare denies the allegations in paragraph 35.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 - Fax: (619) 810-4301

DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO COMPLAINT

36.     LoanCare denies the allegations in paragraph 36.

37.     LoanCare denies the allegations in paragraph 37.

38.     LoanCare denies the allegations in paragraph 38.

39.     LoanCare denies the allegations in paragraph 39 and each of its subparagraphs.

### FIRST CAUSE OF ACTION

**Violation of Rosenthal Fair Debt Collection Practices Act**

**(Against Defendant LoanCare, LLC by the LoanCare Class)**

40.     LoanCare incorporates by reference its response to paragraphs 1 through 39 above as if fully set forth herein.

41.     Paragraph 41 contains no allegations which require a response from LoanCare.  To the extent a response is required, LoanCare denies the allegations in paragraph 41.

42.     Paragraph 42 contains a legal conclusion which requires no response from LoanCare.

43.     LoanCare denies the allegations in paragraph 43 and expressly asserts that LoanCare did not act as a debt collector engaging in debt collection with respect to Plaintiff or any putative class member for whom LoanCare was engaged only in loan subservicing.

44.     Paragraph 44 contains a legal conclusion which requires no response from LoanCare.

45.     Paragraph 45 contains a legal conclusion which requires no response from LoanCare.

46.     Paragraph 46 contains a legal conclusion which requires no response from LoanCare.

47.     With respect to the allegations of paragraph 47 of the complaint, LoanCare admits that it received Special Request Fees for certain special optional services. LoanCare denies that the Special Request Fees were unlawful and denies the

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 9201
Tel: (619) 810-4300 · Fax: (619) 810-4301

1    remaining allegations in paragraph 47.

2         48.    LoanCare denies the allegations in paragraph 48.

3         49.    LoanCare denies the allegations in paragraph 49.

4         50.    LoanCare denies the allegations in paragraph 50.

5         51.    LoanCare denies the allegations in paragraph 51.

6         52.    LoanCare denies the allegations in paragraph 52.

7                        **SECOND CAUSE OF ACTION**

8    **Violation of Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.***

9    **(Against Defendant LoanCare, LLC by the LoanCare Class and the LoanCare**

10                          **Elder Abuse Class)**

11        53.    LoanCare incorporates by reference its response to paragraphs 1 through

12   52 above as if fully set forth herein.

13        54.    Paragraph 54 contains no allegations which require a response from

14   LoanCare.  If a response is deemed to be required, LoanCare denies the allegations of

15   paragraph 54.

16        55.    Paragraph 55 contains a legal conclusion which requires no response

17   from LoanCare.

18        56.    LoanCare denies the allegations in paragraph 56.

19        57.    LoanCare denies the allegations in paragraph 57.

20        58.    LoanCare denies the allegations in paragraph 58.

21        59.    LoanCare denies the allegations in paragraph 59.

22        60.    LoanCare denies the allegations in paragraph 60.

23                        **THIRD CAUSE OF ACTION**

24                          **Breach of Contract**

25        **(Against Defendant CIT Bank, N.A., by the CIT Class)**

26        61.    LoanCare incorporates by reference its response to paragraphs 1 through

27   60 above as if fully set forth herein.

28   / / /

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

62.     Paragraph 62 does not contain allegations against LoanCare and requires no response from LoanCare.

63.     Paragraph 63 does not contain allegations against LoanCare and requires no response from LoanCare.

64.     Paragraph 64 does not contain allegations against LoanCare and requires no response from LoanCare.

65.     Paragraph 65 does not contain allegations against LoanCare and requires no response from LoanCare.

66.     Paragraph 66 does not contain allegations against LoanCare and requires no response from LoanCare.

67.     Paragraph 67 does not contain allegations against LoanCare and requires no response from LoanCare.

68.     Paragraph 68 does not contain allegations against LoanCare and requires no response from LoanCare.

## PRAYER FOR RELIEF

69.     LoanCare denies the allegations contained in Plaintiff's prayer for relief and denies that Plaintiff or the proposed class are entitled to any relief requested.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

70.     LoanCare acknowledges that Plaintiff has requested a jury trial. LoanCare denies that a jury trial is available for Plaintiff's claim premised on the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.

71.     LoanCare denies each and every allegation not specifically admitted herein regardless of whether contained in the unnumbered paragraphs, headings, or otherwise.

/ / /

/ / /

/ / /

/ / /

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

**<u>AFFIRMATIVE DEFENSES AND OTHER DEFENSES</u>**[1]

LoanCare asserts the following in order to give Plaintiff fair notice of matters it may assert in its defense of this action. LoanCare does not assume the burden of proof on any of the following where the substantive law provides otherwise:

1. The Complaint fails to state a claim against LoanCare upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."; listing failure to state a claim as an ordinary, *i.e.,* not an affirmative, defense to a claim); Fed.R.Civ.P. 12(h)(2) ("Failure to state a claim upon which relief can be granted… may be raised (A) in any pleading allowed or ordered under Rule 7(a)"); *Multimedia Patent Trust v. LG Electronics, Inc.* (S.D. Cal., Aug. 1, 2013, No. 12-CV-2731-H (KSC)) 2013 WL 12073800, at *4 (defendant "may plead failure to state a claim as an affirmative defense in its answer"); *see* ECF No. 14 (Motion to Dismiss; detailing grounds including that Plaintiff was not the object of debt collection and that LoanCare did not act as a debt collector engaged in debt collection); *cf. Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1204 (9th Cir. 2007) (repleading claims to preserve them for appeal not sanctionable).

2. Plaintiff lacks standing to bring some or all of her claims and/or to assert claims on behalf of members of the putative class(es). Plaintiff alleges that she attempted to make a payment on her mortgage and was assessed a $10.00 fee. Upon information and belief, non-party Marshall Sanders was the one who "went online" to make payments, not Plaintiff. Additionally, Plaintiff is challenging all Special Request Fees charged by LoanCare during the alleged class period but only alleges

---

[1] Fed.R.Civ.P. 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."); Fed.R.Civ.P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense"); *Bobbitt v. Victorian House, Inc.* (N.D. Ill. 1982) 532 F.Supp. 734, 736 ("the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category, even though that approach may lead to pleading matters as affirmative defenses that could have been set forth in simple denials."; noting both major treatises (Moore's and Wright and Miller) agree on this approach.)

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

payment of one particular type of Special Request Fees. Plaintiff lacks standing to challenge fees she did not pay.  Additionally, with respect to Plaintiff's UCL claim, Plaintiff has not suffered injury in fact and lost money or property as a result of the alleged unfair competition.  Any Special Request Fee Plaintiff claims to have paid was fully disclosed up front and services were actually performed such that Plaintiff received the benefit of her bargain for such fee as did putative class members. Additionally, the Rosenthal Act's plain language provides at 1788.30(f) "Any action under this section may be brought in any appropriate court of competent jurisdiction in an individual capacity only, within one year from the date of the occurrence of the violation."

3.     The statute of limitations bars the claims of some putative class members.  Plaintiff seeks to represent two defined classes purporting to assert claims against LoanCare under the Rosenthal Act and the UCL.  Each defined class purports to include California residents for a class period of October 3, 2014 forward. However, the Rosenthal Act requires that claims be asserted within one year. Accordingly, putative class members whose claims accrued more than one year prior to the filing of the Complaint may not pursue a Rosenthal Act claim and Plaintiff may not assert a Rosenthal Act claim on their behalf.

4.     Plaintiff's claims and/or those of putative class members are barred because Special Request Fees are authorized by contract, including but not limited to the agreements creating the debt(s). Depending upon the specific loan documents and the specific Special Request Fees, documents creating Plaintiff's mortgage debt address Special Request Fees. For example, Plaintiffs' Deed of Trust secures "performance of any agreement of Borrower to pay fees and charges to Lender whether or not set forth in this Deed of Trust; and (h) the payment of charges allowed by law for any statement regarding the obligation secured by this Deed of Trust." (Deed of Trust opening paragraph). Deed of Trust Para. (1) provides that the Borrower will pay "all other sum secured by this Deed of Trust."  Deed of Trust Para.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

21 Provides remedies including those "allowed by law or any other writing."  Deed of Trust Para. 23 permits full and partial reconveyance fees. Deed of Trust Para. 30 permits payoff statement fees. DOT Para. 35 requires payment of "reasonable costs of collection, expenses, and attorneys' fees paid or incurred in connection with collection or interpretation of the Note or this Deed of Trust, whether or not suit is filed."  Plaintiff's Promissory Note addresses the time and place of payments (Note ¶ 3), notices of changes (Note ¶ 3), and loan charges (Note ¶ 6). Plaintiff's Note and Deed of Trust provide that they are governed by the laws, rules, and regulations of the United States which, as addressed in Paragraph 14 below, permit fees for special services.  LoanCare is additionally aware that certain Deeds of Trust such as those created by Fannie Mae and Freddie Mac have provided that "In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such a fee." Additionally, the Federal Trade Commission (FTC) has indicated that what constitutes the agreement creating the debt may take into account terms outside of the mortgage note and deed of trust.  Accordingly, for example, Fannie Mae servicing guidelines should be considered for any loan to which they apply. Fannie Mae guidelines allow loan servicers to retain miscellaneous fees and expressly permits fees for special services including, among many others, accepting a "phone pay" payment. Additionally, borrowers may enter into loan modifications with lenders such that their loan is governed by terms in addition to or replacing the original note and deed of trust.  Such loan modifications may include putative class members' consent to, agreement to, or authorization to charge Special Request Fees. Additionally, depending upon the particular putative class member, putative class members may have amended their loan agreements either expressly or impliedly to address the payment of Special Request Fees. For example, Plaintiff's mortgage note provides "I will make my monthly payments at 401 Wilshire Boulevard Santa Monica, California 90401, or at a different place if requires by the Note Holder." In a

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

February 21, 208 Notice of Servicing Transfer, Plaintiff was instructed to "Send all payments…to LoanCare LLC, on or behalf of CIT Bank, N.A., at this address: P.O. Box 60509, City of Industry, CA 91716-0509." Plaintiff's allegations indicate that she did not want to make payments as directed and instead she or her husband requested an alternative method of making payments online. An agreement to accept payments via an alternative method is a modification of the contractual loan terms. Even aside from amending loan terms, Plaintiff and putative class members were fee to contract with LoanCare for the performance of special services requested by borrowers in exchange for the payment of Special Request Fees.

5.      In adjudicating Plaintiff's UCL claim, the court will need to consider equitable defenses or considerations *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 179–181. The court may find that these equitable defenses and considerations are relevant to Plaintiff's Rosenthal Act claim as well, particularly since Plaintiff alleges LoanCare's acts were done willfully and knowingly with the purpose of coercing Plaintiff into paying the Special Request Fees. Such equitable defenses or considerations include:

a.      the doctrine of laches:  Plaintiff's alleged classes span a period of four years and as defined necessarily include persons who would have paid Special Request Fees over four years ago without complaint.  Plaintiff's attempt to assert claims on their behalf when they made no complaint in an unreasonable delay in making a claim or assertion.

b.      the doctrine of waiver and/or estoppel:  Plaintiff's alleged classes as defined necessarily include persons who would have paid Special Request Fees without complaint and with express agreement to pay Special Request Fees. Such persons have waived any complaint about Special Request Fees and are estopped from challenging Special Request Fees.

c.      voluntary payment:  Plaintiff's alleged classes necessarily include persons who voluntarily paid Special Request Fees without protest and with full

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  9201
Tel: (619) 810-4300 · Fax: (619) 810-4301

knowledge of the facts and who were satisfied with the services they received in exchange for the Special Request Fees.

d.   Plaintiff has unclean hands.   Plaintiffs' husband, Marshall Sanders, is a co-borrower on Plaintiff's loan and, upon information and belief, the one who "went online" to pay fees.  Plaintiff's assertion of claims without joining her co-borrower means that adjudication of Plaintiff's claims will not afford complete relief and will not resolve the underlying circumstances in their entirety. It also improperly subjects LoanCare to the risk of a second action by Marshall Sanders regardless of its actual merits. Additionally, Plaintiff's Complaint alleges that Special Request Fees were fully disclosed to her up front and that she was not required to pay Special Request Fees in connection with making her monthly mortgage payment. Plaintiff nonetheless exacerbated her alleged damages by repeatedly seeking to use a special payment service which LoanCare was not required to offer at all and for which LoanCare charged a Special Request Fee.  Plaintiff could have avoided paying Special Request Fees if she had taken reasonable efforts after she became aware of the Special Request Fees. Instead, Plaintiff chose not to take advantage of available options for payment without any fees, chose to pay at the end of the grace period, chose to continue paying Special Request Fees and brought suit.

e.   Plaintiff's claims and/or those of putative class members are barred based on unjust enrichment.   Plaintiff and putative class members who allegedly paid Special Request Fees, received valuable services in exchange which benefitted them.  These include services that LoanCare is not required to provide at all and certainly not for no charge.  It would be unjust enrichment for Plaintiff and putative class members to receive valuable, beneficial services for free.

6.   Plaintiff's claims and/or those of putative class members are barred in whole or in part due to payment or tender or refund.  Plaintiff alleges that she seeks to recover all Special Request fees paid by Plaintiff and members of the Classes. However, depending upon individual circumstances, LoanCare has paid, tendered, or

DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO COMPLAINT

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 9201
Tel: (619) 810-4300 · Fax: (619) 810-4301

refunded to Plaintiff and putative class members the amount of certain Special Request Fees paid by borrowers such that Plaintiff has no basis to recover those Special Request Fees.

7.     Plaintiff's claims and/or those of putative class members and any alleged damages are barred in whole or in part to the extent the evidence shows the same to have been caused by the actions of third persons for which LoanCare is not legally responsible.  For example, LoanCare charges a Special Request Fee for providing a payoff statement and a release of lien. Payoff statements are often requested by third parties such as escrow service providers or title companies.  Releases are often requested or required by third parties such as escrow service providers, title companies, and/or county recorders.  Third party escrow service providers or title companies represent that they are authorized to request the payoff statements and releases and it is their request, and in the case of lien releases the counties' requirement that a recording fee be paid, that causes the borrower to be charged a Special Request Fee. Similarly, for example, LoanCare charges a Special Request Fee for insufficient/returned checks. The third party bank's or financial institution's reporting that the account from which the check is to be draw lacks sufficient funds causes the Special Request Fee to be charged. LoanCare has no control over whether the third party bank or financial institution has correctly reported a lack of sufficient funds for a borrower.  Additionally, note holders or loan servicers dictate the terms and methods by which they will accept payments of monthly mortgage loan installments.  As a sub-servicer for the loans, LoanCare acts within permitted terms and methods which may include special methods such as pay-by-phone services, automated phone system payment services, and online payment services for which special services LoanCare charges a Special Request Fee.  Also, Fannie Mae allows loan servicers to retain miscellaneous fees and expressly permits fees for special services including, among many others, accepting a "phone pay" payment.

/ / /

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  9201
Tel: (619) 810-4300 · Fax: (619) 810-4301

8.     Plaintiff has failed to join necessary and indispensable parties. Plaintiffs' husband, Marshall Sanders, is a co-borrower on Plaintiff's loan and, upon information and belief, the one who "went online" to pay fees.  Plaintiff's assertion of claims without joining her co-borrower means that adjudication of Plaintiff's claims will not afford complete relief and will not resolve the underlying circumstances in their entirety.  It also improperly subjects LoanCare to the risk of a second action by Marshall Sanders regardless of its actual merits.

9.     Plaintiff's claims and/or those of putative class members are barred because LoanCare acted in good faith, including but not limited to in conformity with, and in reliance on administrative regulations, order, rulings, interpretations, practices, or enforcement policies. *Jacobson v. Persolve, LLC* (N.D. Cal., Aug. 19, 2014, No. 14-CV-00735-LHK) 2014 WL 4090809, at *9 (permitting pleading of good faith defense to Rosenthal Act claim); *Puccio v. Love* (S.D. Cal., Feb. 26, 2018, No. 16-CV-2890 W (BGS)) 2018 WL 1449399, at *9 (permitting pleading of good faith defense to Rosenthal Act claim); *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 179–181 ("a UCL  defendant may assert equitable considerations"). In the mortgage loan servicing industry, Special Request Fees are commonplace and are considered as permitted ancillary income for services performed in connection with loan servicing. For example, Fannie Mae allows loan servicers to retain miscellaneous fees and expressly permits fees for special services including, among many others, accepting a "phone pay" payment. Additionally, the CFPB has recognized and allowed fees for special services in connection with loan servicing.  The Office of the Comptroller of the Currency and the Office of Thrift Supervision have recognized in guidance materials the propriety of and value of ancillary income in connection with loan servicing. *See, e.g.* OTS RB 37-28, Office of Thrift Supervision Regulatory Bulletin, Mortgage Banking, 2008 WL 7675049, at *54; OCC, Comptroller's Handbook, Mortgage Servicing Assets, 2014 WL 589437, at *3. The CFPB has also recognized the propriety of ancillary income. *See* CFPB

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Official Interpretation of Mortgage Servicing Rules under the Real Estate Procedures Act (Regulation X) available at https://files.consumerfinance.gov/f/201301_cfpb_final-rule_servicing-respa.pdf. The Federal Trade Commission recognizes that mortgage loan servicers charge fees for services and advise consumers that if they ask for a service, like faxing copies of loan documents, they make sure to ask whether there is a fee for the service and how much it is. The Ninth Circuit has recognized the propriety of ancillary income stating "loan servicing rights [are] a valuable asset because of the loan servicing fees and the possibility of default interest, late charges, success fees, and other fees." *In re USA Commercial Mortg. Co.* (9th Cir. 2010) 397 Fed.Appx. 300, 302; *accord Stromberg v. Ocwen Loan Servicing, LLC* (N.D. Cal., Aug. 3, 2018, No. 15-CV-04719-JST) 2018 WL 3707378, at *4 (finding nothing to suggest compensation was atypical for a loan servicer; most servicers are entitled to retain fees charged to borrowers).

10. Plaintiff failed to mitigate her alleged damages. *McKnight v. Benitez* (M.D. Fla. 2001) 176 F.Supp.2d 1301, 1309, n. 4 (FDCPA; "It is Plaintiff's duty to mitigate his damages, and this duty may have some bearing on attorney's fees as well…. Mitigation of damages is an issue appropriate to an affirmative defense"); *Aluia v. Dyck-O'Neal, Inc.* (M.D. Fla., July 14, 2015, No. 2:15-CV-81-FTM-38MRM) 2015 WL 4349090, at *2 (same); *Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 179–181 ("a UCL defendant may assert equitable considerations"). Plaintiff's Complaint alleges that Special Request Fees were fully disclosed to her up front and that she was not required to pay Special Request Fees in connection with making her monthly mortgage payment. Plaintiff nonetheless exacerbated her alleged damages by repeatedly seeking to use a special payment service which LoanCare was not required to offer at all and for which LoanCare charged a Special Request Fee. Plaintiff could have avoided paying Special Request Fees if she had taken reasonable efforts after she became aware of the Special Request Fees. Instead, Plaintiff chose not to take advantage of available

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

options for payment without any fees, chose to pay at the end of the grace period, chose to continue paying Special Request Fees and brought suit. In this action, Plaintiff seeks to recover her attorneys' fees but she does not appear to be mitigating her attorneys' fees. She instead has multiple attorneys performing the same tasks such as participating in calls.

11.  Putative class members cannot proceed in litigation if they agreed to arbitrate their claims and Plaintiff may not represent in litigation putative class members who agreed to arbitrate their claims. *See, e.g., Gray v. Conseco, Inc.* (C.D. Cal., Sept. 29, 2000, No. SA CV 00-322DOC(EEX)) 2000 WL 1480273, at *2 (borrower's mortgage promissory notes contained enforceable arbitration clause). Although the Consumer Financial Protection Bureau (CFPB) has promulgated 12 C.F.R. § 1026.36(h) to prohibit mandatory arbitration clauses within agreements for consumer credit transactions secured by a dwelling, the CFPB has specified that the rule "applies to transactions for which the creditor received an application on or after [June 1, 2013]." 78 F.R. 11280–01, 11387, 2013 WL 550405 (Feb. 15, 2013).  The CFPB's antiarbitration provisions do not operate retroactively and arbitration provisions for loans applied for before June 1, 2013 are enforceable. *Steckel v. SunTrust Bank* (M.D. Fla., Oct. 9, 2013, No. 813CV01661T27TGW) 2013 WL 12331218, at *3 (compelling arbitration); *Junka v. Suntrust Bank* (N.D. Ga., Oct. 31, 2014, No. 114CV01056WBHAJB) 2014 WL 12284032, at *9, report and recommendation adopted (N.D. Ga., Jan. 8, 2015, No. 1:14-CV-1056-WBH) 2015 WL 11364352 (compelling arbitration).

12.  Plaintiff's claims and/or those of putative class members are barred by preemption.  Plaintiff has the burden to establish that any particular Special Request Fee is illegal. Plaintiff's complaint has not alleged how she intends to do so.  To the extent that Plaintiff is asserting that there is California state law—*i.e.*, the Rosenthal Act, the UCL, or any other state law—which prohibits LoanCare from charging any particular Special Request Fee or which renders and particular Special Request Fee

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 9201
Tel: (619) 810-4300 · Fax: (619) 810-4301

illegal, that California law would be preempted by federal law.  For example, Plaintiff's Note and Deed of Trust are governed by the laws, rules, and regulations of the United States, including, without limitation, the laws, rules and regulations relating to federally chartered savings bank. The Home Owners' Loan Act (HOLA), through Office of Thrift Supervision (OTS), established field preemption of state laws for "the entire field of lending regulation for federal savings associations" including First Federal Bank of California, Plaintiff's mortgage lender. *See* 12 C.F.R. § 560.2. The preemption attached to Plaintiff's loan and to all conduct related to the loan including by successors who acquire and/or service the loan. The "types of state laws preempted . . . include, without limitation, state laws purporting to impose requirements regarding . . . (5) Loan related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees." *Id.* (emphasis added). Because the OTS has preempted the entire field, courts construe "loan-related fees" and "servicing fees" broadly to find various state laws regarding fees preempted under § 560.2 including the UCL, as applied by plaintiff to challenge certain fees. *See, e.g., Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008) (finding UCL claim challenging lock-in fee to be preempted).  Because Plaintiff seeks to extend the Rosenthal Act beyond debt collection activities to make it a lending regulation that applies to loan servicing and servicing fees which are regulated under federal law, HOLA would likewise preempt the Rosenthal Act claim. Similar to HOLA. the National Banking Act ("NBA"), promulgated by the Office of Comptroller of Currency ("OCC"), provides for preemption of state law regarding the servicing of mortgages. Depending upon individual circumstances, the claims of putative class members may be preempted as Plaintiff's claims are preempted.

13.    Special Request Fees are not incidental to the principal obligation within the meaning of the FDCPA, 15 U.S.C. § 1692f (1).  Special Request Fees are not a means to collect a debt.  Special Request Fees are fees for special services requested by or on behalf of borrowers, at their option, in connection with the servicing of loans

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 9201
Tel: (619) 810-4300 - Fax: (619) 810-4301

DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO COMPLAINT

or, as in the case of Special Request Fees for insufficient/returned checks, for services necessitated by the borrower's failure to have sufficient funds to honor a check.

14.    Special Request Fees are permitted by law.  For example, Cal. Civ. Code § 1719 authorizes Insufficient/Returned Check fees not to exceed $25. Cal. Civ. Code § 2943(c), (e)(6) permits payoff statement fees up to $30. Cal. Civ. Code § 2941(e)(1)-(3) permits fees for lien releases. *Gruber v. Fed. Nat. Mortgage Ass'n*, B154703, 2003 WL 1091046 (Cal. Ct. App. Mar. 13, 2003) (unpublished opinion) permits assumption fees. Fannie Mae allows loan servicers to retain miscellaneous fees and expressly permits fees for special services including, among many others, accepting a "phone pay" payment.  12 CFR § 1024.36 (g)(2) provides "Fee permitted. Nothing in this section shall prohibit a servicer from charging a fee for providing a beneficiary notice under applicable State law, if such a fee is not otherwise prohibited by applicable law."   12 CFR § 1026.7(a)(6)(ii) recognizes there may be "other charges" and provides for itemizing "any charges other than finance charges."  In the mortgage loan servicing industry, Special Request Fees are commonplace and are considered as permitted ancillary income for services performed in connection with loan servicing.  The Office of the Comptroller of the Currency and the Office of Thrift Supervision have recognized in guidance materials the propriety of and value of ancillary income in connection with loan servicing. *See, e.g.* OTS RB 37-28, Office of Thrift Supervision Regulatory Bulletin, Mortgage Banking, 2008 WL 7675049, at *54; OCC, Comptroller's Handbook, Mortgage Servicing Assets, 2014 WL 589437, at *3. The CFPB has also recognized the propriety of ancillary income. *See* CFPB Official Interpretation of Mortgage Servicing Rules under the Real Estate Procedures      Act      (Regulation      X)      available      at https://files.consumerfinance.gov/f/201301_cfpb_final-rule_servicing-respa.pdf.  The Federal Trade Commission recognizes that mortgage loan servicers charge fees for services and advise consumers that if they ask for a service, like faxing copies of loan documents, they make sure to ask whether there is a fee for the service and how much

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 9201
Tel: (619) 810-4300 · Fax: (619) 810-4301

DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO COMPLAINT

it is.  The Ninth Circuit has recognized the propriety of ancillary income stating that "loan servicing rights [are] a valuable asset because of the loan servicing fees and the possibility of default interest, late charges, success fees, and other fees." *In re USA Commercial Mortg. Co.* (9th Cir. 2010) 397 Fed.Appx. 300, 302; *accord Stromberg v. Ocwen Loan Servicing, LLC* (N.D. Cal., Aug. 3, 2018, No. 15-CV-04719-JST) 2018 WL 3707378, at *4 (finding nothing to suggest compensation was atypical for a loan servicer; most servicers are entitled to retain fees charged to borrowers). While not addressing loan servicing, CFPB guidance provides guidance to debt collectors that fees for pay-by-phone services should be disclosed to consumers in a manner that makes clear that it is not the only available payment method and should also offer consumers no-fee options for payments.

15.    Plaintiff seeks equitable relief under the UCL but she has not alleged that she lacks an adequate remedy at law.  To the contrary, Plaintiff has asserted statutory and contract claims seeking damages which indicates that she believes has an adequate remedy at law. Plaintiff's UCL claim is barred and the UCL claims of putative class members are barred because Plaintiff may only seek equitable relief under California's UCL where she has no adequate remedy at law.  *See, e.g., Moss v. Infinity Insurance Company* (N.D. Cal. 2016) 197 F.Supp.3d 1191, 1203 (dismissing UCL claim; "Where, as here, a plaintiff can seek money damages if she prevails on claims for breach of contract or breach of the implied covenant of good faith and fair dealing, she has an adequate remedy at law. …Such is the case even if all of plaintiff's non-UCL claims ultimately fail.")

16.    The Unfair Competition Law claim asserted on behalf of the LoanCare Elder Abuse Class fails or is otherwise unnecessary because Civil Code Section 3345 does not authorize treble damages for a violation of the UCL. *Clark v. Superior Court,* 50 Cal.4th 605, 608.

WHEREFORE, LoanCare prays that the Court dismiss the Complaint with prejudice and award its costs expended in defending this litigation, including, but not

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 9201
Tel: (619) 810-4300 · Fax: (619) 810-4301

DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO COMPLAINT

1   limited to, reasonable attorneys' fees, expert witness fees, investigation costs,

2   discovery costs, and court fees.

3   Date: March 8, 2019                    HAHN LOESER & PARKS LLP

4                                          By:   /s/ Michael J. Gleason

5                                                Michael J. Gleason

6                                                *Attorneys for Defendant LoanCare,*

7                                                *LLC*

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 9201
Tel: (619) 810-4300  Fax: (619) 810-4301

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2019, a copy of the foregoing document was electronically filed using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Michael J. Gleason*
Michael J. Gleason

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

DEFENDANT LOANCARE, LLC'S AMENDED ANSWER TO COMPLAINT