JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA S. SANDERS, an individual, MARSHALL C. SANDERS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LOANCARE, LLC, a Virginia limited liability company; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 2:18-CV-09376-PA (RAOx)<br><br>**FINAL JUDGMENT** |

WHEREAS, this matter has come before the Court pursuant to an Unopposed Motion for Final Approval of Class Settlement and Certification of Settlement Class, (Dkts. 98-99), and an Unopposed Motion for Attorney Fees and Costs and Award of Class Representatives Incentive Payment, (Dkts. 105-106), filed by Plaintiffs Andrea S. Sanders and Marshall C. Sanders ("Plaintiffs"); and

WHEREAS, this Court has considered all evidence and arguments related to these motions;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1
FINAL JUDGMENT

1. The Court grants Plaintiffs' Unopposed Motion for Final Approval of Class Settlement and Certification of Settlement Class.

2. The Court finds the Settlement Agreement, (Dkt. 100-7), is fair, adequate and reasonable, in compliance with Federal Rule of Civil Procedure 23(e).

3. The Court directs the parties to implement and consummate the Settlement Agreement according to its terms and provisions.

4. The Court incorporates the release covenant not to sue and related provisions set forth in the Settlement Agreement, (Dkt. 100-7 at Section 11).

5. The Court finds that the form and manner of Class Notice was implemented in accordance with the Settlement Agreement and meets the requirements of due process and Federal Rule of Civil Procedure 23(e).

6. The Court finds that defendant LoanCare LLC ("Defendant") provided proper and timely notice of the Settlement Agreement to the appropriate federal and state officials, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1715. The Court has reviewed the substance of the notice and finds that it complied with the applicable CAFA requirements. More than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA, and no objections have been received by the Settlement Administrator, Defendant, or this Court.

7. The Court certifies the proposed settlement class, for the purpose of settlement, which is defined as: All borrowers with residential mortgage loans for California properties who, during the Class Period of October 3, 2014 to March 24, 2020, paid to LoanCare a fee for Online Payment, Automated Phone System Payment, or Pay-by-Phone (over the phone check) services at a time when the loan was past-due. Excluded from the Settlement Class are (i) Loan Care's employees, (ii) persons who timely and properly exclude themselves; and (iii) the federal district and magistrate judge assigned to this action, along with persons within the third degree of relationship to them.

8. The Court appoints Plaintiffs Andrea S. Sanders and Marshall C. Sanders as Class Representatives for settlement purposes.

9. The Court appoints Zimmerman Reed LLP and Gubernick Law, PLLC as Class Counsel for settlement purposes.

10. The Court appoints RG/2 Claims Administration LLC as Settlement Administrator.

11. All Settlement Class Members shall be bound by the terms of the Settlement Agreement, except for those who have submitted a valid opt-out request. Settlement Class Members Paul E. Cheney and Amir Goldstein timely submitted requests to be excluded from the Settlement Class, and therefore are excluded.

12. No objections to the Settlement were timely filed and the time for objections has passed, thereby precluding any future objections to the Settlement.

13. Payment of the Individual Allocations to the Settlement Class Members and the other settlement benefits consistent with the Settlement Agreement is approved.

14. Neither this Final Judgment, nor the Settlement Agreement, nor any other document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as an admission or concession by or against LoanCare or the Released Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability. LoanCare continues to deny that the action meets the requisites for class certification under Rule 23 for any purpose other than settlement. Entering into or carrying out the settlement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to LoanCare's denials or defenses, and shall not be offered or received in evidence in any action or other tribunal for any purpose whatsoever, except as evidence to enforce the provisions of the settlement and this Final Judgment; provided, however, that the Settlement Agreement and the Final Judgment may be filed in any action brought against or by LoanCare or the Released Parties to support, for example, a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

15. The terms of the Settlement Agreement and of this Final Judgment shall have res judicata and other preclusive effect. This Final Judgment and the Settlement Agreement may be filed in any action against or by any Released Parties (as that term is defined in the Settlement Agreement) to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. The Court grants Plaintiffs' Unopposed Motion for Attorney Fees and Costs and Award of Class Representatives Incentive Payment.

17. The Court grants Plaintiffs' request for attorneys' fees and costs in the amount of $880,688.71 (itemized as $850,000 in attorneys' fees and $30,688.71 in costs), to be awarded from the Settlement Fund.

18. The Court grants RG/2 Claims Administration LLC's request for settlement administration expenses in the amount of $134,340, to be awarded from the Settlement Fund.

19. The Court grants Plaintiffs' request for a cumulative Incentive Payment in the amount of $7,500, to be awarded from the Settlement Fund.

20. This action is hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: December 7, 2020

Percy Anderson
United States District Judge